IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL J. EDWARDS, SR.,
    Plaintiff,

v.                                               Civil Action No. 3:22cv375

CARRIE ROTH, Commissioner of
 the Virginia Employment Commission,
    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion to dismiss the plaintiff's complaint, (ECF No. 11). The Court finds it lacks subject matter jurisdiction over this matter. Accordingly, the Court will grant the motion and dismiss the plaintiff's complaint.

When a plaintiff proceeds without prepaying fees or costs, as the plaintiff does here, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). The Court affords pro se complaints a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nevertheless, the Court need not attempt to "discern the unexpressed intent of the plaintiff." *Id.* Furthermore, liberal construction does not excuse a clear failure to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Federal courts have jurisdiction over "cases" and "controversies." U.S. Const., Art. III, § 2. An actual controversy must exist at all points of a case. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016). "A case becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 100*, 567

U.S. 298, 307 (2012) (internal quotes omitted). A court must dismiss a case when it finds it no longer has subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3).

In this case, the plaintiff filed a complaint on May 16, 2022, alleging that his claim for unemployment insurance benefits had "been pending since Nov[ember] 24[,] 2021" with the Virginia Employment Commission (the "VEC"). (ECF No. 1-1, at 4.) In his complaint, the plaintiff asked that his "claim be processed in a timely manner." (*Id.*) The defendant timely filed a motion to dismiss, (ECF No. 11), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The defendant's motion to dismiss includes the required notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam). To date, the plaintiff has filed no response.

A motion under Rule 12(b)(1) tests the court's subject matter jurisdiction. The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The plaintiff, in his complaint, asserts subject matter jurisdiction under 28 U.S.C. § 1331, or federal question jurisdiction, and cites the Fourteenth Amendment as the Constitutional provision at issue. (ECF No. 1-1, at 3.) Specifically, the plaintiff appears to allege that his right to due process has been violated. (*Id.*) Crucially, the plaintiff provides neither factual support for his claim nor a theory of how the Court properly has jurisdiction over this state law claim. The plaintiff fails to bear his burden in establishing subject matter jurisdiction.

The defendant argues the Court does not have subject matter jurisdiction because this matter is no longer a case or controversy as the plaintiff's claims are moot. (ECF No. 12, at 6-7.) The defendant asserts the plaintiff's claim has been fully paid. "Mr. Edwards has been paid UI benefits for all eligible weeks." (ECF No. 12-1, at 1.) The defendant further asserts that the VEC has "fully adjudicated Mr. Edwards['s] unemployment claim and issued a written decision regarding his claim for unemployment benefits... There is no action left for the VEC to take to adjudicate Mr. Edwards['s] claim for unemployment benefits." (*Id.*) As other courts in this district have recognized, once the "[p]laintiff's claims have been fully adjudicated by the VEC, his claims are moot." Order, *Andrews v. Va. Unemployment Comm'n*, Civil Action No. 3:21cv277, at 3 (E.D. Va. Sept. 13, 2021).

The Court finds that it lacks subject matter jurisdiction to hear the plaintiff's claim. The plaintiff has not met his burden of establishing the Court's jurisdiction. The defendant's assertion that the plaintiff's claims against the VEC have been fully paid remains unanswered. Because the Court lacks the jurisdiction to hear the matter, it need not reach the Rule 12(b)(6) argument.

Accordingly, the Court will grant the defendant's motion to dismiss the plaintiff's complaint. The Court will issue an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and the pro se plaintiff.

Date: __19__ September 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

4